# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

### CIVIL NO.  1:08CV211-1-T
### (1:05CR274 -T)

| | | |
|---|---|---|
| ALVARO CHERNEZ-VITERI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **O R D E R** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed May 10, 2008, and Respondent's Answer to Petitioner's Motion to Vacate, filed July 18, 2008.  For the reasons set forth below, this Court grants Petitioner's motion.

On December 13, 2005, Petitioner was indicted for knowingly possessing a false identification document with intent to use the document to defraud the United States in violation of 18 U.S.C. § 1028(a)(4) (Count One), and making a false statement with intent to obtain a United States passport in violation of 18 U.S.C. § 1542 (Count Two).  **Bill of Indictment,**

**filed December 13, 2005.** On March 6, 2006, pursuant to the terms of the parties' plea agreement, Petitioner appeared with counsel before the Magistrate Judge and formally entered a guilty plea to the § 1542 charge. (Count Two). **Rule 11 Inquiry and Order of Acceptance of Plea, filed March 6, 2006;** *see also*, **Plea Agreement, filed March 2, 2006.** On May 3, 2007, this Court sentenced Petitioner to two years' probation. Petitioner did not directly appeal his sentence and conviction. **Judgment of Conviction in a Criminal Case, filed May 11, 2007**.

In his timely § 2255 motion, Petitioner alleges he received ineffective assistance of counsel. He claims that prior to entering his plea, he questioned his attorney about deportation issues related to a decision to plead guilty. **Petitioner's Motion, at 5.** Petitioner asserts that his counsel then contacted another attorney about this immigration issue and was advised that a guilty plea to either or both of the charges would not result in automatic deportation or permanent exclusion from the United States. *Id.* Potential immigration consequences from his guilty plea were not discussed in Petitioner's plea agreement, at his Rule 11 hearing, or at his sentencing hearing.

Petitioner asserts that in November 2007, he first learned that his federal conviction required automatic deportation and permanent exclusion from the United States. *Id*. **at 7.** Petitioner alleges that on April 1, 2008, Immigration and Customs Enforcement prosecuted the removal case against him in the immigration court in Atlanta, Georgia, and that an order of voluntary departure was issued against him in lieu of an order of removal which allowed Petitioner to remain in the United States for 90 days. *Id*. **at 8.** Petitioner contends that his immigration proceeding can only be reopened if Petitioner no longer stands convicted of an offense that requires removal from the United States. *Id*. Petitioner argues that because his decision to plead guilty was based solely on the erroneous advice of counsel – affirmative assurances that his plea would not result in automatic deportation – he is entitled to have his plea, conviction and sentence vacated and the status of his criminal charges reinstated to pre-trial status. *Id*. **at 13-14.**

On April 23, 2008, Petitioner's trial attorney, John C. Hunter, executed an affidavit, stating that during his discussions with Petitioner, "a concern was whether a conviction of either of the two alleged offenses would result in his automatic deportation and permanent exclusion from the

4

United States." **Exhibit 5, Affidavit of John C. Hunter, *attached to***

***Petitioner's Motion, ¶ 4.*** Mr. Hunter further states that, after his receipt of

the plea offer from the Government, he discussed the deportation issue

with another attorney, Scott Pfeiffer, who advised that the offense to which

Petitioner would plead guilty was not an aggravated felony under

immigration law and that he would be able to work with the plea agreement

and possibly prevent deportation. *Id.* **¶¶ 5, 6.** Mr. Hunter states that he

then shared this information with Petitioner and that Petitioner advised that

Mr. Pfeiffer "had counseled him" on the same issue. *Id.* **¶¶ 7, 8.**

Petitioner's contention that he received ineffective assistance of

counsel is governed by the holding in *Strickland v. Washington*, 466 U.S.

668, 687-91 (1984). In *Strickland*, the Supreme Court held that in order to

succeed on an ineffective assistance of counsel claim, a petitioner must

establish that counsel's performance was constitutionally defective to the

extent it fell below an objective standard of reasonableness, and that he

was prejudiced thereby, that is, there is a reasonable probability that, but

for the error, the outcome would have been different. In making this

determination, there is a strong presumption that counsel's conduct was

within the wide range of reasonable professional assistance. *Id.* **at 689**;

***Fields v. Attorney General of Md.*, 956 F.2d 1290, 1297-99 (4ᵗʰ Cir.**

**1995)**.  Petitioner bears the burden of proving *Strickland* prejudice.  ***Fields*,**

**at 1297.**  If the petitioner fails to meet this burden, a "reviewing court need

not consider the performance prong." ***Id.* at 1290.**  Moreover, in the

context of a guilty plea, a petitioner "must show that there is a reasonable

probability that, but for counsel's errors, he would not have plead guilty and

would have insisted on going to trial." ***Hooper v. Garraghty*, 845 F.2d**

**471, 475 (4ᵗʰ Cir. 1988); *accord Hill v. Lockhart*, 474 U.S. 52, 59 (1985);**

***Fields*, at 1297.**

In its response, the Government concedes that Petitioner has

satisfied both prongs of *Strickland*.  It is undisputed that Petitioner

questioned his attorney about the collateral consequences of a guilty plea

to the charged offenses and that in response counsel erroneously assured

him that the charged violations were not aggravated felonies and would not

result in serious immigration consequences.  It is also undisputed that

subsequently, Petitioner learned that his conviction subjected him to

automatic deportation.  Based upon these facts, as the Government

concedes, Petitioner's counsel's performance was deficient.  ***See***

***Ostrander v. Green*, 46 F.3d 347, 354 (4ᵗʰ Cir. 1995), *overruled on other***

***grounds by O'Dell v. Netherland*, 95 F.3d 1214 (4th Cir. 1996); *Strader***

***v. Garrison*, 611 F.2d 61, 65 (4th Cir. 1979).**

Likewise, the Government notes that the evidence leads to the conclusion that Petitioner was also prejudiced by the erroneous advice that he received from counsel.  Petitioner repeatedly states that he communicated his concerns about deportation.  As a result, his counsel sought counsel from an attorney with immigration experience and this individual assured defense counsel that the charged violations would not result in deportation.  In support of this claim, Petitioner has attached as exhibits to his motion correspondence between counsel concerning the immigration impact of a guilty plea.  This Court finds that the possibility of deportation or permanent exclusion from the United States were areas of great concern to Petitioner and that absent the erroneous legal advice that he received concerning this issue, he would have rejected the plea offer and proceeded to trial.  As such, Petitioner has established the prejudice required for an ineffective assistance of counsel claim in that absent counsel's errors, there is a "reasonable probability" that Petitioner would not have accepted the plea agreement and entered a guilty plea.

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion to

Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is

**GRANTED,** as reflected by the Judgment filed herewith.

Signed: July 25, 2008

Lacy H. Thornburg
United States District Judge